UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                    CV16-2509
------------------------------------------------------X
RONALD FULLER,

                Plaintiff(s),

                                        **FIRST AMENDED**
                                        **COMPLAINT**
                                        **& JURY DEMAND**

THE CITY OF NEW YORK,
NEW YORK CITY POLICE OFFICER
TREVOR WHITE, Shield # 00360
83rd Precinct,
NEW YORK CITY POLICE OFFICER DIAZ,
Tax # *****4, 75th Precinct,
NEW YORK CITY POLICE OFFICER JANE DOE,
75TH Precinct,
NEW YORK CITY POLICE OFFICER CHOWDHISM(sic),
Tax # *****5, 75th Precinct,
NEW YORK CITY POLICE OFFICER RUSS,
Tax # *****0, 75th Precinct,
NEW YORK CITY POLICE OFFICER HUI,
Tax # *****8, 75th Precinct,
                        Defendant(s).
------------------------------------------------------X


## PRELIMINARY STATEMENT

1.  This is a Civil Rights action in which Plaintiff, RONALD FULLER, seeks redress for the

Defendant's violation of his rights secured by the Civil Rights Act of 1866 and 1871, 42 U.S.C. 1983

and of the rights secured by the Fourth Amendment, and by the Equal Protection Clauses of the

Fourteenth Amendment to the United States Constitution and/or rights secured by under the Laws

and Constitution of the State of New York.

## JURISDICTION

2.  Jurisdiction is conferred upon this Court by 28 U.S.C. Sections 1331, 1343(3), this being

an action seeking redress for the violation of Plaintiff's Constitutional and Civil Rights.  The amount of damages in controversy exceeds One Hundred and Fifty Thousand ($150,000.00) Dollars, exclusive of interest and costs.

3.  The Plaintiff's claim for declaratory and injunctive relief is authorized by 28 U.S.C. sections 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

4.  The Plaintiff further invokes this Court's pendant jurisdiction, pursuant to 28 U.S.C. Section 1367(a), over any and all State claims and as against all parties that are so related to claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy.

5.  The Plaintiff demands a trial by jury on each and every one of the claims pleaded herein.

## VENUE

6.  Venue is proper for the United States District Court of the Eastern District of New York pursuant to 28 U.S.C. Sections 1391 (a), (b) and (c).

## PARTIES

7.  Plaintiff, RONALD FULLER is a United States Citizen and resident of the United States, and is and at all times relevant herein a resident of the State of New York.

8.  Defendant(s), NEW YORK CITY POLICE OFFICER TREVOR WHITE, Shield # 00360, is upon information and belief of the 83rd Precinct.  NEW YORK CITY POLICE OFFICER DIAZ, NEW YORK CITY POLICE OFFICER DOE, NEW YORK CITY POLICE OFFICER CHOWDISM (sic), NEW YORK CITY POLICE OFFICER RUSS, and NEW YORK CITY POLICE OFFICER HUI, are upon information and belief, all of the 75th Precinct, are, and at all times relevant, Officers

and employees/agents of THE NEW YORK CITY POLICE DEPARTMENT, a municipal agency of Defendant CITY OF NEW YORK.  Defendants, NEW YORK CITY POLICE OFFICER TREVOR WHITE, NEW YORK CITY POLICE OFFICER DIAZ, NEW YORK CITY POLICE OFFICER DOE, NEW YORK CITY POLICE OFFICER CHOWDHISM (sic), NEW YORK CITY POLICE OFFICER RUSS and NEW YORTK CITY POLICE OFFICER HUI are sued individually and in their official capacities.  At all times relevant, Defendants, NEW YORK CITY POLICE OFFICER TREVOR WHITE, NEW YORK CITY POLICE OFFICER DIAZ, NEW YORK CITY POLICE OFFICER DOE, NEW YORK CITY POLICE OFFICER CHOWDHISM (sic), NEW YORK CITY POLICE OFFICER RUSS and NEW YORK CITY POLICE OFFICER HUI were acting under the color of State Law in the course and scope of their duties and functions as agents, servants, employees and officers of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK and otherwise performed and engaged in conduct incidental to the performance of their lawful duties.  Defendants, NEW YORK CITY POLICE OFFICER WHITE, NEW YORK CITY POLICE OFFICER DIAZ, NEW YORK CITY POLICE OFFICER DOE, NEW YORK CITY POLICE OFFICER CHOWDHISM (sic), NEW YORK CITY POLICE OFFICER RUSS and NEW YORK CITY POLICE OFFICER HUI were acting for and on behalf of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK at all times relevant herein with the power and authority vested in them as police officers, agents and employees of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, and incidental to the lawful pursuit of their duties as police officers, employees and agents of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK.

9.   Defendant CITY OF NEW YORK is a municipal entity created and authorized under the

laws of the State of New York.  It is authorized by law to maintain a Police Department which acts

as its agent in the area of Law Enforcement and for which it is ultimately responsible.  Defendant

CITY OF NEW YORK assumes the risks incidental to the maintenance of a Police Department and

the employment of Police Officers as said risk attaches to the public consumers of the services

provided by the NEW YORK CITY POLICE DEPARTMENT and the named Defendant NEW

YORK CITY POLICE OFFICERS..

    10.  THE NEW YORK CITY POLICE DEPARTMENT, while not a named Defendant, is a

municipal entity created and authorized under the laws of the State of New York.  It is authorized by

law to carry out all police functions for Defendant CITY OF NEW YORK and assumes the risk

incidental to the maintenance of a police force and the employment of Police Officers.

**STATEMENT OF FACTS**

**First Incident**

    11.  On May 19, 2013 at approximately 12:30 a.m. the Plaintiff was in the vicinity of

Gates Avenue and Evergreen Avenue in Kings County, New York, having just left his

girlfriend's house.  The Plaintiff was on his way to the subway station, when he was

approached by Defendant, NEW YORK CITY POLICE OFFICER TREVOR WHITE and

another member of THE NEW YORK CITY POLICE DEPARTMENT, who upon

information and belief were in uniform in an unmarked car.  Defendant OFFICER WHITE,

with his gun drawn, stated to the Plaintiff, in sum and substance, "you fit the description of a

robbery suspect", whereupon Defendant NEW YORK CITY POLICE OFFICER TREVOR

WHITE forcibly grabbed the Plaintiff by his right arm, while simultaneously performing a

leg sweep upon the Plaintiff, causing the Plaintiff to fall violently to the ground, landing on

–4–

his chest and face, causing physical injury to the Plaintiff, and resulting in Plaintiff's earrings falling out.   The Plaintiff was immediately placed in handcuffs and forced to lie on the ground for several minutes before he was placed in a large police vehicle, where he sat accompanied by a police officer for approximately thirty minutes before being transported to the 83rd precinct. At the 83rd precinct the Plaintiff was subjected to a strip search by a member of THE NEW YORK CITY POLICE DEPARTMENT, after which the Plaintiff was transported to a local area hospital for treatment of the injuries sustained during the Plaintiff's arrest by named Defendant NEW YORK CITY POLICE OFFICER TREVOR WHITE.   The criminal charges against the Plaintiff were dismissed and sealed on November 29, 2013.

## Second Incident

12.   On October 21, 2015 at approximately 11:55 a.m. the Plaintiff was driving his vehicle in the vicinity of Essex Street and Dumont Avenue in Kings County, obeying all local traffic rules when he was pulled over by Defendant NEW YORK CITY POLICE OFFICER DIAZ, of the 75th Precinct.   Defendant OFFICER DIAZ told the Plaintiff that he pulled the Plaintiff over in order to search Plaintiff and the Plaintiff's vehicle.   Defendant OFFICER DIAZ and his partner proceeded to order the Plaintiff out of his vehicle, whereupon Defendant OFFICER DIAZ proceeded to physically search the Plaintiff and the Plaintiff's car for approximately forty five minutes.   The Plaintiff was thereafter transported to the 75th Precinct, where without lawful reason or cause, he was subjected to a strip search by Defendant OFFICER DIAZ and named Defendant, NEW YORK CITY POLICE OFFICER JANE DOE.   The Plaintiff remained in custody for approximately four hours,

whereafter he was issued a summons by named Defendant NEW YORK CITY POLICE OFFICER DIAZ charging Plaintiff with New York Vehicle and Traffic Law offense of Reckless Driving (VTL Section 1212). The Plaintiff, whose car was damaged during the search by Defendant OFFICER DIAZ and other members of THE NEW YORK CITY POLICE DEPARTMENT, was required to go to Court four times before the case was dismissed for failure to prosecute the Plaintiff.

### Third Incident

13.   On October 26, 2015 at approximately 6:15 p.m. the Plaintiff was standing outside of his vehicle listening to music when named Defendant, NEW YORK CITY POLICE OFFICER CHOWDHISM(sic), of the 75th Precinct ordered the Plaintiff to turn down the music. The Plaintiff complied, whereupon Defendant Officer CHOWDHISM ordered the Plaintiff to go to the rear of the vehicle. Defendant OFFICER CHOWDISM then proceeded to inform the Plaintiff that he wanted to search his car at the precinct. The Plaintiff was then handcuffed and placed in the rear seat of his own vehicle, at which time named Defendant OFFICER CHOWDHISM drove the Plaintiff's vehicle to the 75th Precinct. The Plaintiff was held in custody of the named Defendant Officer and THE NEW YORK CITY POLICE DEPARTMENT for approximately three hours, after which the Plaintiff was issued a summons by named Defendant NEW YORK CITY POLICE OFFICER CHOWDHISM, charging Plaintiff with an unattended motor vehicle. The criminal case was dismissed and sealed on February 2, 2016.

### Fourth Incident

14.   On November 28, 2015 at approximately 2:00 p.m. the Plaintiff was in the

vicinity of Montauk Avenue and Pitkin Avenue, in Brooklyn.  The Plaintiff was standing outside of his vehicle speaking with a friend when Defendant NEW YORK CITY POLICE OFFICER RUSS and his partner, both of the 75th Precinct, approached the Plaintiff and ordered him to get inside his vehicle. The Plaintiff asked Defendant OFFICER RUSS why whereupon Defendant OFFICER RUSS again ordered the Plaintiff to get inside his vehicle. The Plaintiff complied with the order, whereupon Defendant OFFICER RUSS ordered the Plaintiff to produce his drivers' license and motor vehicle registration, stating to the Plaintiff in sum and substance, "we are going to run this and if everything is good we'll let you go". The Defendant Officers returned to their vehicle and came back a few minutes later and ordered the Plaintiff to get out of his vehicle.  Defendant OFFICER RUSS then placed the Plaintiff in handcuffs, without offering any explanation, and transported him to the 75th Precinct.  At the 75th the Plaintiff was subjected to a strip search by named Defendant NEW YORK CITY POLICE OFFICER RUSS.   The Plaintiff was held in custody for approximately twelve hours before being issued a summons for Disorderly Conduct, said summons directing the Plaintiff to appear in New York City Criminal Court on February 2, 2016.  On February 2, 2016 the Plaintiff went to Court and was informed by Court personnel that the aforementioned summons issued by Defendant NEW YORK CITY POLICE OFFICER RUSS was dismissed for facial insufficiency after review by a Judge of the Criminal Court, prior to the Court date

**Fifth Incident**

15.  On March 15, 2016 at approximately 5:30 p.m. the Plaintiff was in the vicinity of Shepherd Avenue and Pitkin Avenue in Kings County.  The Plaintiff was standing outside of

his vehicle which legally parked when he was approached by named Defendant NEW YORK CITY POLICE OFFICER HUI and his partner.  Defendant OFFICER HUI ordered the Plaintiff to get into his vehicle and give Defendant OFFICER HUI his license and registration.  Defendant OFFICER HU told the Plaintiff, in sum and substance, "I'm going to run this and if it's good I'm going to let you go".  Defendant OFFICER HUI, then left the Plaintiff and returned a few minutes later and ordered the Plaintiff to exit his vehicle. Defendant OFFICER HUI, without explanation, then handcuffed the Plaintiff and transported him to the 75th Precinct.  At the 75th Precinct, the Plaintiff was subjected to a strip search by named Defendant NEW YORK CITY POLICE OFFICER HUI.  After holding Plaintiff in custody for approximately eight hours, Defendant OFFICER HUI issued the Plaintiff a summons for having an unattended running vehicle.  The Plaintiff was required to go to Criminal Court where the summons was dismissed on June 15, 2016 because Defendant OFFICER HUI failed to appear for the trial.

## FIRST FEDERAL CLAIM

## Violation of the Rights Secured by Section 42 U.S.C. 1983 and the Fourth and Fourteenth Amendments to the United States Constitution-Excessive Force

16.  Plaintiff incorporates by reference the allegations set forth in paragraphs One (1) through Fifteen (15) as if fully set forth herein.

17.  Upon information and belief, on May 13, 2013, the conduct of Defendant NEW YORK CITY POLICE OFFICER TREVOR WHITE acting under color of State Law, violated section 42 U.S.C. 1983 by unlawfully, and without lawful reason or cause, using excessive force upon the

Plaintiff.

18.   That the actions of Defendant NEW YORK CITY POLICE OFFICER TREVOR WHITE, occurred in and during the course and scope of his duties and functions as a New York City Police Officer, and while acting as an agent and employee of Defendant CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

## SECOND CAUSE OF ACTION

## Violation of the Rights Secured by Section 42 U.S.C. 1983 and the Fourth and Fourteenth Amendments to the United States Constitution- False Arrest, Unlawful Strip Search and Malicious Prosecution

19.   The Plaintiff incorporates by reference each of the allegations contained in Paragraphs One (1) through Eighteen (18) as if fully set forth herein.

20.   That upon information and belief, on October 21, 2015, the conduct of Defendant(s) NEW YORK CITY POLICE OFFICER DIAZ and NEW YORK CITY POLICE OFFICER JANE DOE, acting under color of State Law, violated Section 42 U.S.C. 1983 by falsely and unlawfully arresting, and physically strip-searching the Plaintiff without lawful reason or cause.

21.   That upon information and belief, on October 21, 2015 the conduct of Defendant NEW YORK CITY POLICE OFFICER DIAZ, acting under color of State Law, violated Section 42 U.S.C. 1983 by falsely and with maliciously accusing Plaintiff of violating New York Vehicle and Traffic Law Section 1212, Reckless Driving, a Misdemeanor Offense, without basis in law or fact.

22.   That the actions of Defendant(s) NEW YORK CITY POLICE OFFICER DIAZ and NEW YORK CITY POLICE OFFICER JANE DOE, occurred in and during the course and scope of

–9–

their duties and functions as New York City Police Officers, and while acting as an agent and employee of Defendant CITY OF NEW YORK, and the NEW YORK CITY POLICE DEPARTMENT, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

### THIRD CAUSE OF ACTION

**Violation of the Rights Secured by Section 42 U.S.C. 1983 and the Fourth and Fourteenth Amendments to the United States Constitution-False Arrest, Unlawful Search, Malicious Prosecution**

23.  The Plaintiff incorporates by reference each of the allegations set forth in Paragraphs One (1) through Twenty Two (22) as if fully set forth herein.

24.  That upon information and belief, on October 26, 2015 the actions of Defendant NEW YORK CITY POLICE OFFICER CHOWDHISM (sic), acting under color of State Law, violated Section 42 U.S.C.1983 by falsely and unlawfully arresting and searching the Plaintiff without lawful reason or cause.

25.  That upon information and belief, on October 26, 2015, the actions of Defendant NEW YORK CITY POLICE OFFICER CHOWDHISM (sic), acting under color of State Law, violated Section 42 U.S.C. 1983 by falsely and maliciously accusing the Plaintiff of violating Section 10-111(a) of the Administrative Code of the City of New York, an unclassified Misdemeanor, without basis in law or fact.

26.  That the actions of Defendant NEW YORK CITY POLICE OFFICER CHOWDHISM (sic) occurred in and during the functions and scope of his duties as a New York City Police Officer and while acting an agent and employee of Defendant CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, resulting in the aforementioned and hereinafter mentioned

harm to the Plaintiff.

## FOURTH CAUSE OF ACTION

**Violation of the Rights Secured by Section 42 U.S.C. 1983 and the Fourth and Fourteenth Amendments to the United States Constitution- False Arrest, Unlawful Strip Search and Malicious Prosecution**

27.  The Plaintiff incorporates by reference each of the allegations contained in Paragraphs One (1) through Twenty Five (25) as if fully set for the herein.

28.  That upon information and belief, on November 28, 2015, the actions of Defendant NEW YORK CITY POLICE OFFICER RUSS, acting under color of State law, violate Section 42 U.S.C. 1983 by falsely and unlawfully arresting and strip-searching the Plaintiff without lawful reason or cause.

29.  That upon information and belief, on November 28, 2015, the actions of Defendant NEW YORK CITY POLICE OFFICER RUSS did violate Section 42 U.S.C. 1983 by unlawfully and maliciously accusing the Plaintiff of violating New York Penal Law Section 240.20(5) (Disorderly Conduct) without basis in law or fact.

30.  That the actions of Defendant NEW YORK CITY POLICE OFFICER RUSS, occurred in and during the functions and scope of his duties as a New York City Police Officer and while acting as an agent and employee of Defendant CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, resulting in the aforementioned and hereinafter mentioned harm to the Plaintiff.

## FIFTH CAUSE OF ACTION

**Violation of Rights Secured by Section 42 U.S.C 1983 and the Fourth and Fourteenth**

**Amendments to the United States Constitution- False Arrest, Unlawful Strip Search and**

**Malicious Prosecution**

31.     The Plaintiff incorporates by reference each of the allegations contained in Paragraphs One (1) through Thirty (30) as if fully set forth herein.

32.     That upon information and belief, on March 15, 2016, the actions of Defendant NEW YORK CITY POLICE OFFICER HUI, acting under color of State Law, did violate Section 42 U.S.C. 1983 by falsely and unlawfully arresting and strip-searching the Plaintiff without lawful reason or cause.

33.  That upon information and belief, on March 15, 2016, the actions of Defendant NEW YORK CITY POLICE OFFICER HUI, acting under color of State Law, did violate Section 42 U.S.C. 1983 by falsely and maliciously accusing the Plaintiff of violating New York City Administrative Code Section 10-111(a) Unattended Running Vehicle without basis in law or fact.

34.     That the actions of Defendant NEW YORK CITY POLICE OFFICER HUI, occurred in and during his functions and scope of his duties as a New York City Police Officer and while acting as an agent on employee of Defendant CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, resulting in the aforementioned and hereinafter mentioned harm to the Plaintiff.

**FIRST STATE LAW CAUSE OF ACTION**

35.  The Plaintiff incorporates by reference each of the allegations contained in Paragraphs One (1) through Thirty Four (34) as if fully set forth herein.

36.  That on October 21, 2015 the actions of Defendant NEW YORK CITY POLICE OFFICER DIAZ resulted in the false arrest, detention and searches of Plaintiff, causing the

aforementioned and hereinafter mentioned harm to Plaintiff

## SECOND STATE LAW CAUSE OF ACTION

37.  The Plaintiff incorporates by reference each of the allegations contained in Paragraphs One (1) through Thirty Six (36) as if fully set forth herein.

38.  That on October 26, 2015 the actions of Defendant NEW YORK CITY POLICE OFFICER CHOWDHISM resulted in the false arrest, detention and searches of Plaintiff, causing the aforementioned harm to Plaintiff.

## THIRD STATE LAW CAUSE OF ACTION

39.  The Plaintiff incorporates by reference each of the allegations contained in Paragraphs One (1) through Thirty Eight (38) as if fully set forth herein.

40.  That on November 28, 2015 the actions of Defendant NEW YORK CITY POLICE OFFICER RUSS resulted in the false arrest, detention and searches of Plaintiff, causing the aforementioned and hereinafter mentioned harm to Plaintiff.

## FOURTH STATE LAW CAUSE OF ACTION

41.  The Plaintiff incorporates by reference each of the allegations contained in Paragraphs One (1) through Forty (40) as if fully set forth herein.

42.  That on March 15, 2016 the actions of Defendant NEW YORK CITY POLICE OFFICER HUI resulted in the false arrest, detention and searches of Plaintiff, causing the aforementioned and hereinafter mentioned harm to Plaintiff.

## FIFTH CAUSE OF ACTION

43.  The Plaintiff incorporates each of the allegations contained in Paragraphs One (1) through Forty Two (42) as if fully set forth herein.

44.   That on October 21, 2015 the actions of Defendant NEW YORK CITY POLICE OFFICER DIAZ did damage the property of Plaintiff, resulting in the destruction and damage to Plaintiffs vehicle, causing the aforementioned and hereinafter mentioned harm to Plaintiff.

## SIXTH STATE LAW CAUSE OF ACTION

45.   The Plaintiff incorporates by reference each of the allegations contained in Paragraphs One (1) through Forty Four (44) as if fully set forth herein.

46.   That on October 21, 1015, the actions of Defendants, NEW YORK CITY POLICE OFFICER DIAZ and NEW YORK CITY POLICE OFFICER JANE DOE, resulted in the intentional infliction of emotional distress, humiliation and embarrassment to Plaintiff by subjecting Plaintiff to an unlawful strip search, which was unrelated to the basis for the seizure of the Plaintiff, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

## SEVENTH STATE LAW CAUSE OF ACTION

47.   The Plaintiff incorporates by reference each of the allegations contained in Paragraphs One (1) through Forty Six (46) as if fully set forth herein.

48.   That on November 28, 2015, the actions of Defendant NEW YORK CITY POLICE OFFICER RUSS, resulted in the intentional infliction of emotional distress, humiliation and embarrassment to Plaintiff by subjecting Plaintiff to an unlawful strip search, which was unrelated to the basis for the seizure of the Plaintiff, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

## EIGHTH STATE LAW CAUSE OF ACTION

49.   The Plaintiff incorporates by reference each of the allegations contained in Paragraphs One (1) through Forty Eight (48) as if fully set forth herein.

50.   That on March 15, 2016, the actions of Defendant NEW YORK CITY POLICE OFFICER HUI, resulted in the intentional inflictions of emotional distress, humiliation and embarrassment to Plaintiff by subjecting Plaintiff to an unlawful strip search, which was unrelated to the basis for the seizure of the Plaintiff, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

**WHEREFORE,** the Plaintiff demands the following relief jointly and severably against all Defendant:

1.  Compensatory Damages for Plaintiff.

2.  Punitive Damages against Defendant(s) NEW YORK CITY POLICE OFFICER TREVOR WHITE,  NEW YORK CITY POLICE OFFICDER DIAZ, NEW YORK CITY POLICE OFFICER CHOWDHISM (sic),  NEW YORK CITY POLICE OFFICER RUSS and NEW YORK CITY POLICWE OFFICER HUI.

3.  A Court Order pursuant to 42 U.S.C. 1998 that the Plaintiff is entitled to costs of the instant action, and Attorney's fees.

4.  Such other and further relief as the Court may deem necessary and appropriate, including declaratory relief.

Dated: November 7, 2016

_____
VICTOR M. BROWN, ESQ.
(VB-5289)
Attorney for Plaintiff
11 Park Place, Suite 600
New York, New York 10007
(212) 227-7373
Fax(212) 227-2330
E: vbrownlaw@yahoo.com